18-128
*Haar v. Nationwide Mutual Fire Ins. Co.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

————————

August Term, 2018

(Argued: January 15, 2019          Decided: December 17, 2019)

Docket No. 18-128
————————

DR. ROBERT D. HAAR, M.D.,

*Plaintiff-Appellant,*

– v. –

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,

*Defendant-Appellee,*

JOHN AND JANE DOE CORPS., 1–10, JOHN AND JANE DOE 1–10,

*Defendants.*
————————

B e f o r e:

KATZMANN, *Chief Judge*, HALL and LYNCH, *Circuit Judges*.
————————

Appeal from an order of the United States District Court for the Southern District of New York (Kaplan, *J.*) granting defendant-appellee's motion to dismiss and finding the New York statute under which plaintiff-appellant sued, New York Public Health Law § 230(11)(b), does not create a private right of action.

Haar contends that the district court erred, arguing that such a right is implied for bad faith complaints made to the New York Department of Health's Office of Professional Misconduct. In a prior opinion, we certified the question of whether § 230(11)(b) created a private right of action for bad faith and malicious reporting to the Office of Professional Medical Conduct to the New York Court of Appeals. The Court of Appeals answered the certified question in the negative. For substantially the reasons set forth by the Court of Appeals, we conclude that Haar's § 230(11)(b) claim was properly dismissed. **AFFIRMED.**

_____

GREGORY ZIMMER, ESQ., New York, NY, *for Plaintiff-Appellant.*

RALPH CARTER, Duane Morris LLP, New York, NY, *for Defendant-Appellee.*

_____

PER CURIAM:

Plaintiff-appellant Dr. Robert Haar appeals from an order of the United States District Court for the Southern District of New York (Kaplan, *J.*) granting defendant-appellee Nationwide Mutual Fire Insurance Company's motion to dismiss on the ground that the New York statute under which Haar sued, New York Public Health Law § 230(11)(b), does not create a private right of action. The sole question at issue in this appeal is whether there is an implied private right of

action under § 230(11)(b) for bad faith reporting of professional misconduct to the New York Office of Professional Medical Conduct. The facts of this case are set forth in our prior opinion in this case and we assume the parties' familiarity with that opinion. *Haar v. Nationwide Mut. Fire Ins. Co.*, 918 F.3d 231 (2d Cir. 2019).

In our prior opinion, we concluded that New York case law did not clearly resolve whether § 230(11)(b) created a private right of action for bad faith reporting. *Id.* at 234. We certified the following question to the New York Court of Appeals: "Does New York Public Health Law Section 230(11)(b) create a private right of action for bad faith and malicious reporting to the Office of Professional Medical Conduct?" *Id.* at 235.

In an opinion filed on November 21, 2019, the New York Court of Appeals answered the certified question in the negative. *Haar v. Nationwide Mut. Fire Ins. Co.*, No. 81, 2019 WL 6183610, at *1 (N.Y. Nov. 21, 2019). Specifically, the Court of Appeals held that "the statutory text and legislative history do not imply a legislative intent to create a right of action under section 230(11)(b)." *Id.* at *4.

3

The decision of the New York Court of Appeals fully disposes of Haar's appeal. For substantially the reasons set forth by the New York Court of Appeals, we conclude that Haar's § 230(11)(b) claim was properly dismissed.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.